UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| FREDERICK C. BANKS,<br>         Petitioner,<br><br>     v.<br><br>WILLIAM BARR, et al.,<br>         Respondents. | CIVIL ACTION<br>NO. 20- 10958-WGY |

YOUNG, D.J.                                                May 19, 2020

**MEMORANDUM AND ORDER**

Before the Court is a petition for a writ of habeas corpus under 28 U.S.C. § 2241 submitted by Frederick C. Banks.  For the reasons set forth below, the petition is DENIED.

**I.   Relevant Background**

On May 18, 2020, Frederick C. Banks, now in custody at the Allegheny County Jail in Pittsburgh, Pennsylvania, filed an unsigned petition for a writ of habeas corpus under 28 U.S.C. § 2241.  The case caption identifies the petitioner as "Lori Loughlin" and the respondents as Attorney General Bill Barr and the United States.  Banks did not pay the $5.00 filing fee or file an application for leave to proceed in forma pauperis.

Banks represents that he brings the petition on behalf of the defendant in United States v. Loughlin, 19-CR-10080-NMG (pending).

**II.  Standing**

A petition for writ of habeas corpus may be brought either "by the person for whose relief it is intended or by someone acting in

his behalf." 28 U.S.C. § 2242.  Before the Court can consider the merits of the instant petition, however, Banks must show that he has standing to proceed as "next friend" to Lori Loughlin.  <u>Whitmore v. Arkansas</u>, 495 U.S. 149, 154 (1990).

> Decisions applying the habeas corpus statute have adhered to at least two firmly rooted prerequisites for "next friend" standing. First, a "next friend" must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action.
>
> Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest.

<u>Id.</u> at 163-64 (citations omitted).

Furthermore, "the burden is on the 'next friend' clearly [to] ... establish the propriety of his status and thereby justify the jurisdiction of the court."  <u>Id.</u> at 164. Here, Banks has not offered any reason as to why petitioner cannot appear on her own behalf. Thus, the petition will be denied because Banks may not file this petition on behalf of petitioner.

Finally, the Court's records indicate that Banks has been previously warned that filing a habeas petition as a "next friend" when there is no basis to do so or filing actions that are otherwise frivolous may result in sanctions.  See <u>Law, et al. v. Gingrich, et al.</u>, C.A. No. 19-11866-DJC (D. Mass. Sept. 9, 2019); <u>Banks v. Cent. Intelligence Agency</u>, C.A. No. 15-14237-IT (D. Mass. July 21, 2016). While the Court declines to impose any sanctions at this time, the Court reiterates that, should Banks continue a course of abusive

[2]

litigation in this Court, he could be subject to sanctions, including monetary sanctions and/or restrictions on his ability to commence new actions in this Court.

## **ORDER**

Accordingly, the Court hereby ORDERS:

1. The petition for a writ of habeas corpus is DENIED.
2. The Clerk shall enter an order of dismissal.

**SO ORDERED.**

    /s/ William G. Young
WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE